¶ 9 I would find that the trial court did abuse its discretion in failing to issue a protective order regarding appellant's medical records.
 {¶ 10} According to appellant's brief (there was no appellee's brief), this case involves the determination of the value of appellant's stock in HPC and HMC. Appellant owned 20% of the HPC and HMC when he resigned from HPC. When appellant left his employment at HPC, he was to offer his shares of stock to HPC at fair market value.
 {¶ 11} Appellees argued to the trial court that appellant's frequent absenteeism led to mismanagement of HMC and HPC and that benefits which appellant received during medical leaves were set off from the value of the companies.
 {¶ 12} Assuming, arguendo, that appellant suffered physical and/or mental problems, and that his medical leaves cost the company a lot of money and/or led to mismanagement of the companies, a current fair market valuation of the company would reflect the current fair market value of the corporation after those things had happened. Surely, the parties can argue as to the appropriate current fair market value of the corporations without the use of appellant's medical records.